IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-294-BO

| | | |
|---|---|---|
| PHYLLIS COX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| WAFFLE HOUSE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant's motion for summary judgment. [DE 21]. Plaintiff has responded, defendant has replied, and the motion is ripe for ruling. For the reasons that follow, defendant's motion for summary judgment is granted.

## BACKGROUND

On April 23, 2017, plaintiff was a customer at a Waffle House on Alexander Drive in Durham, North Carolina. A waitress escorted plaintiff to the booth where she and the others in her party were to be seated. As defendant reached the booth, she slipped and fell. Plaintiff claims that her slip was caused by syrup on the floor of the restaurant. Surveillance footage showed members of defendant's staff cleaning the booth approximately eight minutes before plaintiff fell, and multiple employees and customers of defendant walked past the booth without any falls, warnings, or hesitation. Plaintiff admits that she does not think that Waffle House had knowledge that the syrup was on the floor prior to her fall.

In July 2019, the instant action was removed from Wayne County Superior Court. Plaintiff brings a negligence claim against defendant. Now defendant seeks entry of summary judgment in its favor. Defendant argues that there is no evidence suggesting that defendant negligently created

the condition that caused plaintiff to slip and that plaintiff has presented no evidence that defendant had actual or constructive knowledge of the alleged condition. In opposition, plaintiff argues there is a genuine issue of material fact as to whether defendant caused the syrup drip and notice of the drip.

## DISCUSSION

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party . . . and [a] fact is material if it might affect the outcome of the suit under the governing law." *Libertarian Party of Virginia v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (internal quotations and citations omitted). Speculative or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

"[I]n order to prevail in a negligence action, plaintiffs must offer evidence of the essential elements of negligence: duty, breach of duty, proximate cause, and damages." *Camalier v. Jeffries*,

2

340 N.C. 699, 706 (N.C. 1995) (citing *Lamm v. Bissette Realty, Inc.*, 327 N.C. 412 (N.C. 1990)). In order to prove negligence in a premises liability case, a plaintiff must show that the defendant either "(1) negligently created the condition causing the injury, or (2) negligently failed to correct the condition after actual or constructive notice of its existence." *Roumillat v. Simplistic Enters., Inc.*, 331 N.C. 57, 64 (N.C. 1992), *abrogated on other grounds by Nelson v. Freeland*, 349 N.C. 615 (N.C. 1998) (citing *Hinson v. Cato's, Inc.*, 271 N.C. 738, 739 (N.C. 1967)). "Negligence is not presumed from the mere fact of injury. Plaintiff is required to offer legal evidence tending to establish beyond mere speculation or conjecture every essential element of negligence, and upon failure to do so, nonsuit is proper." *Goynias v. Spa Health Clubs, Inc.*, 148 N.C. App. 554, 556 (2002) (citation omitted).

To satisfy the first test, plaintiff must produce evidence of active negligence, or some "positive act," rather than just a failure to correct. *Nourse v. Food Lion, Inc.*, 127 N.C. App. 235, 238, n.1 (1997), *aff'd*, 347 N.C. 666 (1998). Plaintiff establishes constructive knowledge under the second test when she shows "that a dangerous condition existed for such a period of time that the defendant through the exercise of reasonable care should have known of its existence." *Thompson v. Wal-Mart Stores, Inc.*, 138 N.C. App. 651, 654 (2000) (citing *Carter v. Food Lion, Inc.*, 127 N.C. App. 271, 275 *disc. review denied*, 347 N.C. 396 (1997)). "Constructive knowledge of a dangerous condition can be established in two ways: the plaintiff can present direct evidence of the duration of the dangerous condition, or the plaintiff can present circumstantial evidence from which the fact finder could infer that the dangerous condition existed for some time." *Id* (citing *Nourse*, 127 N.C. App. at 241).

Under North Carolina law, however, an owner has no duty to warn an invitee of an "open or obvious" condition of which the plaintiff has equal or superior knowledge. *Byrd v. Atwood*, 118

3

N.C. App. 418, 421 (N.C. Ct. App. 1995) (citing *Roumillat*, 331 N.C. 57 at 66 (N.C. 1992)). "If a hazard was known to the plaintiff, or should have been obvious under the circumstances, the plaintiff may not recover as a result of her own contributory negligence." *Dowless v. Kroger Co.*, 148 N.C. App. 168, 171 (2001). Ordinarily, contributory negligence is a question for the jury, but a determination that contributory negligence is present may be appropriate "where the evidence is uncontroverted that a party failed to use ordinary care and that want of ordinary care was at least one of the proximate causes of the injury." *Sawyer v. Food Lion, Inc.*, 144 N.C. App. 398, 401 (2001) (citing *Diorio v. Penny,* 103 N.C.App. 407, 408 (1991)). "[C]ontributory negligence per se may arise where a plaintiff knowingly exposes himself to a known danger when he had a *reasonable* choice or option to avoid that danger, or when a plaintiff heedlessly or carelessly exposes himself to a danger or risk of which he knew or should have known." *Lenz v. Ridgewood Assocs.*, 55 N.C. App. 115, 122–23 (1981) (emphasis in original, internal citations omitted). The defendant will prevail if plaintiff's contributory negligence contributed to the injury as one of the proximate causes, even if it was not to the sole proximate cause. *Hinkamp v. American Motors Corp.*, 735 F. Supp. 176, 178 (1989).

In this case, plaintiff fails to produce any evidence that Waffle House negligently created the condition that allegedly caused plaintiff to slip. In her deposition, plaintiff states that she did not know how the syrup got on the floor. Pl. Dep. 110:2–9. Plaintiff can merely speculate about how Waffle House may have created the condition. Pl. Dep. 104:22–25. She argues that defendant's employee stated that dishes sometimes drip or there are spills, McMillan Dep. 21–22, 37, and that a reasonable jury could infer that defendant's employees created the spill when they cleaned the table. However, this is mere speculation, not evidence of active negligence on this occasion. Plaintiff presents no evidence that defendant actively created the hazard. *See Herring v.*

4

*Food Lion, LLC*, 175 N.C. App. 22, 27 (2005), *aff'd sub nom. Herring v. Food Lion, LLC*, 360 N.C. 472 (2006) (finding there was insufficient evidence to establish that defendant created a hazardous condition of a stock cart in an aisle where "plaintiff produced no evidence that defendant, its agent, employees, or contractors, negligently placed the stock cart in a position that would cause plaintiff to become injured").

Plaintiff also fails to establish that defendant negligently failed to correct the hazardous condition after it had actual or constructive notice that there was a syrup drip on the floor. Plaintiff herself concedes that defendant did not have actual notice, stating in her deposition that she did not think defendant's employees knew the alleged syrup drip was on the floor before she slipped. Pl. Dep. 114:9–10. In terms of constructive notice, the surveillance footage shows that defendant's employees cleaned the booth table and nearby floor approximately eight minutes before plaintiff approached the booth. The waitress who accompanied plaintiff to the booth confirmed this, stating in her deposition that she and another employee cleaned the booth. McMillan Dep. 33:15–25. Between the time the booth was cleaned and plaintiff fell, several of defendant's employees and customers walked through the area where plaintiff slipped with no apparent caution, issue, or concern for safety. However, no food was served in this area during that time period. There is no evidence in the record from which a jury could infer that the syrup was present for any period of time that put defendant on notice of a potential hazard. Plaintiff argues that a jury could infer that defendant's employees negligently failed to clean the syrup when they cleaned the rest of the booth and surrounding area, and thus could find that the syrup had been on the floor for at least eight minutes prior to defendant's fall. However, this would require a jury to make multiple inferences, and there is no constructive notice where a jury would have to make too many inferences based on their other inferences. *Lane v. Bryan*, 246 N.C. 108, 112 (1957) (rejecting plaintiff's argument of

5

constructive notice where the Court found for a jury to reach the conclusion that the liquid had been on the floor for a long time, the jury would have to make to many inferences based on other inferences).

Even if defendant was or should have been aware of the syrup on the floor, plaintiff was contributorily negligent. Plaintiff admits that defendant was not aware of any substance on the floor before her fall, defendant cleaned the area where plaintiff fell shortly before the incident, and defendant placed a "Wet Floor" sign by the front door of the restaurant to place customers on notice of any possible wet floor. Plaintiff presents no evidence that she observed the standard of care to look where she was going and avoid any hazard that was obvious under the circumstances. Plaintiff had at least equal, if not superior, knowledge of the possibility of a hazard on the restaurant's floor, which thereby negated any duty on defendant's part.

Therefore, defendant has satisfied its burden under Fed. R. Civ. P. 56 and demonstrated that there are no genuine issues of material fact and that defendant is entitled to judgment in its favor as a matter of law. As such, defendant's motion for summary judgment is granted.

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion for summary judgment [DE 21] is GRANTED. The Clerk is DIRECTED to enter judgment and close the case.

SO ORDERED, this _13_ day of January, 2021.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE